# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

GREYSTONE ON PAYETTE, LLC,

**Debtor.**

| **Bankruptcy Case No. 08-01062-JDP**

_____

## MEMORANDUM OF DECISION

_____

Howard R. Foley, FOLEY FREEMAN, Meridian, Idaho, former Debtor's counsel.

Richard Crawforth, Boise, Idaho, Chapter 7 Trustee.

## Introduction

Attorney Howard Foley ("Counsel") has applied to the Court for allowance of compensation for professional services rendered as counsel[1] for Debtor Greystone on Payette, LLC. Docket No. 145. The application was the subject of a hearing held on February 3, 2009, at which Counsel

_____

[1] This case began as a chapter 11 case; it was later converted to a chapter 7 case, as explained below.

MEMORANDUM OF DECISION - 1

and the chapter 7[2] trustee, Richard Crawforth, appeared and offered

argument.  At the conclusion of the hearing, the Court took the issues

under advisement.  This memorandum constitutes the Court's findings

and conclusions,[3] and disposes of the issues.

### Facts

On June 5, 2008, Counsel filed what he has described as

"emergency" chapter 11 petitions on behalf of two entities, Greystone on

Payette, LLC and Greystone Village, LLC,[4] in order to stave off foreclosure

sales scheduled to occur the following day.  Along with the petition in this

case, Debtor filed an application to employ Counsel to serve as its

bankruptcy attorney.  Docket No. 6.  The application represented that

Counsel did not represent any other entity involved in this case, and that

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

[3] *See* Fed. R. Bankr. P. 7052, 9014.

[4] The Greystone Village, LLC case was assigned Case No. 08-1065-TLM.

MEMORANDUM OF DECISION - 2

he was "disinterested" as that term is defined in § 101(14).[5]  Docket No. 6,

¶ 5.  The application further averred that Counsel did not represent or

hold any interest adverse to the interests of the bankruptcy estate with

respect to the matters on which he proposed to be employed.  *Id.*  This

application was accompanied by Counsel's affidavit which contained

similar representations about Counsel's qualifications to serve as attorney

for Debtor.  Docket No. 7.

The § 341(a) meeting of creditors was initially scheduled for July 14,

2008, but was continued to July 23, 2008.  Counsel represents that it was at

--------

[5]  That section provides:

> The term "disinterested person" means a person that–
>     (A) is not a creditor, an equity security holder, or
> an insider;
>     (B) is not and was not, within 2 years before the
> date of the filing of the petition, a director, officer, or
> employee of the debtor; and
>     (C) does not have an interest materially adverse to
> the interest of the estate or of any class of creditors or
> equity security holders, by reason of any direct or
> indirect relationship to, connection with, or interest
> in, the debtor, or for any other reason[.]

11 U.S.C. § 101(14).

MEMORANDUM OF DECISION - 3

the continued meeting when he first learned that, prior to the petitions

being filed, Debtor had extended a $1,000,000 loan to the other chapter 11

debtor, Greystone Village, LLC, to cover construction costs at Greystone

Village, and that this loan remained unpaid.

On July 30, 2008, the U.S. Trustee objected to Debtor's application to

employ Counsel.  Docket No. 29.  Shortly thereafter, on August 5, 2008,

Debtor submitted its application to employ D. Blair Clark as counsel for

Debtor, Docket No. 30, along with a stipulation between Counsel and Mr.

Clark agreeing to his substitution as Debtor's attorney.  Docket No. 31.  No

objections were filed to Mr. Clark's application, and his employment was

approved by the Court on September 16, 2008.  Docket No. 57.  As it

turned out, Debtor was unable to propose a confirmable plan, and on

October 16, 2008, the Court granted Debtor's request to convert the case to

chapter 7.  Docket No. 101.

Counsel thereafter submitted his application seeking approval of

compensation for services he rendered to Debtor from June 6, 2008 to

August 11, 2008.  Crawforth objected to the application on the grounds

MEMORANDUM OF DECISION - 4

that because Counsel's employment was never approved by the Court,

Counsel is not entitled to a priority administrative claim. Docket No. 150.

## Discussion

Subject to court approval, the Code allows a chapter 11 debtor to

employ professional persons, such as an attorney, "that do not hold or

represent an interest adverse to the estate, and that are disinterested

persons, to represent or assist the trustee in carrying out the trustee's

duties under this title." 11 U.S.C. § 327(a). In this case, Counsel asks the

Court to, in effect, exercise discretion to overlook the lack of adverse

interest and disinterestedness requirements imposed by the Code on

potential estate professionals. The Court is unable to accommodate

Counsel's request.

Only a professional whose employment has been approved by the

Court under § 327 or § 1103[6] is authorized to recover compensation or

expenses from the bankruptcy estate under § 330(a)(1). *Atkins v. Wain,*

---

[6] Section 1103 refers to professionals employed to represent committees in
chapter 11 cases, and is therefore inapplicable in this setting.

MEMORANDUM OF DECISION - 5

*Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995); *DeRonde v.*

*Shirley (In re Shirley)*, 134 B.R. 940, 943-44 (9th Cir. B.A.P. 1992) ("[c]ourt

approval of the employment of counsel for a debtor in possession is *sine*

*qua non* to counsel getting paid.  Failure to receive court approval for the

employment of a professional in accordance with § 327 and Rule 2014

precludes the payment of fees.").  Here, Counsel concedes his application

to serve as Debtor's counsel was never approved by the Court.  He argues,

however, that the Court may, even now, approve his employment *nunc pro*

*tunc*, and as a result, his fee application.

Bankruptcy courts possess the equitable power to approve

retroactively compensation for valuable, but unauthorized, services of a

professional.  However, the Court's power is limited to situations where

"exceptional circumstances" exist.  *Sherman v. Harbin (In re Harbin)*, 486

F.3d 510, 522 (9th Cir. 2007) (citing *In re Atkins*, 69 F.3d at 974); *see also*

*Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.)*, 837 F.2d 389, 392 (9th Cir.

1988).  The Ninth Circuit explained:

> To establish the presence of exceptional

MEMORANDUM OF DECISION - 6

circumstances, professionals seeking retroactive
approval must satisfy two requirements: they
must (1) satisfactorily explain their failure to
receive prior judicial approval; and (2)
demonstrate that their services benefitted the
bankrupt estate in a significant manner.

*In re Atkins*, 69 F.3d at 974 (citing *Halperin v. Occidental Fin. Group, Inc. (In*

*re Occidental Fin. Group, Inc)*, 40 F.3d 1059, 1062 (9th Cir. 1994), *In re THC*

*Fin. Corp.*, 837 F.2d at 392).  In addition to these requirements, a

professional seeking retroactive authorization must also satisfy the criteria

for employment pursuant to § 327.  *In re Harbin*, 486 F.3d at 522-23; *In re*

*Atkins*, 69 F.3d at 976.

Here, Counsel is disqualified from employment under § 327 because

he also represents Greystone Village, LLC, a party with an interest adverse

to the estate.  However, Counsel alleges he had no knowledge of the loan

from Debtor to Greystone Village, LLC at the time he filed Debtor's

petition.  Thus, he argues that, at least as far as he knew, he was qualified

to represent Debtor at the time this case was commenced and the

application to employ him was submitted.  He contends that it was solely

MEMORANDUM OF DECISION - 7

the result of "subsequent events"[7] that he became disqualified to serve as

Debtor's attorney, and that under these circumstances, he should not be

precluded from obtaining compensation for the services he rendered

during the initial stages of this case.

Unfortunately, Counsel's lack of knowledge of his conflict of interest

is not determinative in weighing his eligibility to serve as Debtor's chapter

11 attorney.  The Court has repeatedly held that a professional's

representation of a debtor's creditor, an equity holder, or another

interested party, constitutes representation of an adverse interest within

the prohibition of § 327(a).  *See, e.g., In re Larson*, 04.1 I.B.C.R. 20 (Bankr. D.

Idaho 2004); *In re Thompson*, 2000 WL 33716961 (Bankr. D. Idaho Mar. 1,

2000); *In re MDR, Inc.*, 1999 WL 33486707 (Bankr. D. Idaho Aug. 3, 1999); *In

re Dugger*, 99.1 I.B.C.R. 30 (Bankr. D. Idaho 1999); *In re Leypoldt*, 95 I.B.C.R.

220 (Bankr D. Idaho 1995); *In re Bliss Valley Foods, Inc.*, 88 I.B.C.R. 281

---

[7] At the hearing, in response to the Court's inquiry, Counsel conceded that the loan was  made prior to the filing of the petition, and that it was only his discovery of its existence that occurred subsequent to the commencement of the case.

MEMORANDUM OF DECISION - 8

(Bankr. D. Idaho 1988).  That any adverse interest exists is sufficient for

disqualification of counsel to serve under § 327(a), and the Court need not

weigh, measure or evaluate the degree of the conflict.  *In re Larson*, 04.1

I.B.C.R. at 23; *In re Dugger*, 99.1 I.B.C.R. at 32.

Prior to bankruptcy, Debtor loaned a substantial sum to Greystone

Village, LLC, a debt that remained unpaid on the bankruptcy filing date.

Counsel was representing both Debtor and Greystone Village, LLC, when

he applied to be employed as Debtor's counsel.[8]  In other words, when

Debtor filed for bankruptcy relief and Counsel applied to be its

bankruptcy attorney, Counsel was representing "an interest adverse to

[Debtor's] estate" and therefore not eligible to serve as an estate

professional under § 327(a).  Since he could not be employed, the Court

cannot approve any compensation for Counsel's post-petition legal

---

[8]  Counsel's representation of Debtor's related entity is something which, when it became known, should have been disclosed by Counsel in connection with his continuing quest to become Debtor's chapter 11 attorney. *See* Rule 2014(a) (requiring an applicant for employment to disclose, in a verified statement, any "connections with the debtor, creditors, [and] any other party in interest[.]").  Counsel's affidavit in support of his employment has never been corrected to disclose Counsel's connection with Greystone Village, LLC.

MEMORANDUM OF DECISION - 9

services, nor reimbursement for any costs he incurred.  *In re Atkins*, 69 F.3d

at 973; *In re Larson*, 04.1 I.B.C.R. at 24-25.  Although this may appear to be a

harsh result, strict enforcement of the ethical rules to which estate

professionals are subject under the Code is required in order to protect the

integrity of the bankruptcy system.  *In re Bliss Valley Foods*, 88 I.B.C.R. at

287.

### Conclusion

For these reasons, Counsel's application for allowance of

compensation will be denied.  A separate order will be entered.[9]

Dated: March 11, 2009

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[9]  Chief Judge Myers is presiding over the chapter 11 bankruptcy case of Greystone Village, LLC.  Therefore, this Court expresses no opinion concerning Counsel's eligibility to be employed, or to recover compensation and expenses, as counsel for the debtor-in-possession in that case.

MEMORANDUM OF DECISION - 10